UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **ROBERT M. STANLEY** | **CIVIL ACTION NO. 12-cv-635** |
| LA. DOC #75241 | |
| VS. | **SECTION P** |
| | **JUDGE MINALDI** |
| **TONY MANCUSO, ET AL** | **MAGISTRATE JUDGE KAY** |

<u>**REPORT AND RECOMMENDATION**</u>

*Pro se* plaintiff Robert M. Stanley, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on March 7, 2012.  Plaintiff is a pre-trial detainee in the custody of Louisiana's Department of Public Safety and Corrections (LDOC).  He is housed at the Calcasieu Correctional Center (CCC), Lake Charles, Louisiana, and complains of events that occurred at that facility.  Plaintiff names Calcasieu Parish Sheriff Tony Mancuso; CCC nurse practitioner Carolyn; and Calcasieu Parish Police Jury Administrator Bryan Bean as defendants.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE.**

*Statement of the Case*

Plaintiff states that on November 30, 2011, inmate Firman Ceasar was trying to "strong-arm" him out of his "commissiary" [sic]. Doc. 1, p. 3.  Plaintiff states that he refused Ceasar's demands and Ceasar hit plaintiff in the chest, causing plaintiff to fall against a metal desk in his

cell hitting his left shoulder and arm. Plaintiff states that he put in a request to see the nurse due to shoulder pain.

Plaintiff was seen in the medical department and received Motrin for his pain. Plaintiff was not satisfied with his treatment so he notified the CCC warden, in writing, of his complaints. As a result, he was seen again in the medical department, this time receiving x-rays. Plaintiff again wrote to the warden after two weeks went by and he did not receive the results of the x-rays. He was brought back to the medical department and was informed that he did not have any broken bones. Plaintiff states that he was also told that he had either torn ligaments, torn muscles, or a torn rotator cuff.

Plaintiff also claims that he was told that the medical department's budget had been cut and neither he nor any other inmate would be taken to the hospital unless there was a life-threatening condition. Plaintiff complains that he is still in pain and states that he still has not been evaluated by a doctor.

Plaintiff contends that the above actions of the defendants constitute cruel and unusual punishment and amount to deliberate indifference to his serious medical needs. He also claims that Sheriff Mancuso failed to properly train his subordinates, and the lack of training resulted in the attack on him by the other inmate. As relief, plaintiff seeks compensatory damages for pain, suffering and mental anguish; punitive damages; and appointment of an attorney.

*Law and Analysis*

*A. Frivolity Review*

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915. Under 28 U.S.C. §1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may

be granted. See, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

### B. 42 U.S.C. §1983

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. §1983. Thus, an initial inquiry in a lawsuit filed under §1983 is whether plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim under §1983. In order to hold the defendants liable under 42 U.S.C. §1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor. See *Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir. 1985).

The court is convinced that plaintiff has presented the best case which could be presented by him under the circumstances, and that further amendment of the pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true and giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that he has failed to state a

claim for relief, that his claims are frivolous as a matter of law, and that his complaint should therefore be dismissed with prejudice.

### 1. *Medical Care Claims*

Plaintiff claims that the defendants were deliberately indifferent to his serious medical needs.

The standard to apply in analyzing a denial of medical care claim asserted by a detainee depends upon whether the claim is directed to a "condition of confinement" or to an "episodic act or omission." *Scott v. Moore,* 114 F.3d 51, 53 (5th Cir. 1997), quoting *Hare v. City of Corinth,* 74 F.3d 633, 644 (5th Cir. 1996). The Fifth Circuit has analyzed a case involving the alleged denial of adequate medical care to a detainee as under the episodic act standard. *Nerren v. Livingston Police Dept.,* 86 F.3d 469 (5th Cir. 1996). Under this standard, "a state official's episodic act or omission violates a pretrial detainee's due process right to medical care if the official acts with subjective deliberate indifference to the detainee's rights." *Id.* at 473. This is the same standard applicable to convicted prisoners, that is, the denial or delay of medical care must be "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

Thus in order to prevail the plaintiff must show that he suffered a sufficiently serious deprivation and deliberate indifference by prison officials. *Hare*, 74 F.3d at 643 and 650. "Deliberate indifference is an extremely high standard to meet." *Domino v. Tx. Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Deliberate indifference is found only when the facts demonstrate wanton action on the part of prison officials that can be characterized as "repugnant to the conscience of mankind." *Estelle*, 429 U.S. at 105-06. The plaintiff must allege that prison officials "refused to treat him, ignored his complaints, intentionally treated him

incorrectly, or engaged in similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino*, 239 F.3d at 756 (citing *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir.1985)). "[T]he failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference." *Domino*, at 756. Moreover, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson v. Upshur County, Texas*, 245 F.3d 447, 458-59.

In *Woodall v. Foti*, 648 F.2d. 268, 272 (5th Cir. 1981), the Fifth Circuit Court of Appeals stated that the test in balancing the needs of the prisoner versus the needs of the penal institution is one of medical necessity, not of desirability. The fact that a plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. Prisoners are not constitutionally entitled to the best medical care that money can buy. *See Mayweather v. Foti,* 958 F.2d. 91 (5th Cir. 1992).

Plaintiff has failed to allege facts sufficient to establish deliberate indifference. In fact, his complaint shows that he was provided medical treatment consisting of examinations, medication, and x-rays. Plaintiff's claims of inadequate medical care are insufficient to establish that a constitutional violation has occurred. Accordingly, this court finds that plaintiff's claim for inadequate medical care should be dismissed.

### 2. Failure to Train

Plaintiff also asserts that defendant Mancuso inadequately trained his subordinates.

The Supreme Court has held that the inadequacy of training rises to a constitutional violation only where the failure to train amounts to deliberate indifference to the rights of those persons with whom the inadequately trained officers come into contact. *City of Canton, Ohio v.*

*Harris*, 489 U.S. 378, 109 S.Ct. 1197, 1204–05, 103 L.Ed.2d 412 (1989) (liability of municipality for inadequate training of police officers). Further, the deprivation suffered as a result of the alleged failure to train must be a constitutional one. *Collins v. City of Harker Heights, Tx.*, 503 U.S. 115, 112 S.Ct. 1061, 1069, 117 L.Ed.2d 261 (1992).

The Fifth Circuit has held that in a case involving failure to train or supervise, the plaintiff must show that (1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference. *Mesa v. Prejean*, 543 F.3d 264, 274 (5th Cir.2008). The court went on to explain that deliberate indifference meant "a conscious choice to endanger constitutional rights" and that the proof of deliberate indifference generally requires "more than a single instance of lack of training or supervision causing a violation of constitutional rights. *Id.* at 274. (citations omitted) In addition, the Fifth Circuit has held that a claim of failure to train presupposes an underlying constitutional violation. *See Perryman v. Bloomfield*, 69 Fed.Appx. 659 (5th Cir., May 30, 2003) (unpublished) citing *City of Canton*, 489 U.S. at 385.

In this case, there is no underlying constitutional violation as plaintiff has failed to show that the harm which came to him was the result of deliberate indifference to his safety. In the absence of an underlying constitutional violation, he cannot maintain a cause of action for inadequate training or supervision.

### 3. Failure to Protect

Further, to the extent that plaintiff attempts to allege a failure to protect claim that, too, must fail.

As previously noted, plaintiff was a pretrial detainee at the time of the incident on which he bases this claim. In *Hare,* the Fifth Circuit held "that the State owes the same duty under the Due Process Clause and the Eighth Amendment to provide both pretrial detainees and convicted inmates with basic human needs, including medical care and protection from harm, during their confinement." 74 F.3d at 650. Thus, whether the inmate is a pretrial detainee or a convicted prisoner, the standard of liability is the same for episodic acts or omissions of jail officials that expose an inmate to being harmed by another inmate, such as those alleged by plaintiff in this case. *Hamilton v. Lyons*, 74 F.3d 99, 104 n. 3 (5th Cir.1996); *Hare*, 74 F.3d at 650. Here, although plaintiff alleges that he was exposed to harm by prison officials' acts or omissions, he fails to state a claim cognizable under Section 1983.

Prison officials can be held liable for their failure to protect an inmate only when they are deliberately indifferent to a substantial risk of serious harm. Further, plaintiff must establish that the defendant possessed a culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) citing *Wilson v. Seiter*, 501 U.S. 294, 302-303 (1991)). A prison official cannot be held liable "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer* at 837. "Mere negligence or a failure to act reasonably is not enough. The officer must have the subjective intent to cause harm." *Mace v. City of Palestine,* 333 F.3d 621, 626 (5th Cir.2003).

In this case, the court cannot conclude that prison officials unconstitutionally exposed plaintiff to a substantial risk of serious harm. By plaintiff's own admission, the incident occurred suddenly and without warning. Plaintiff has not shown that the defendants had any

reason to suspect that the inmate who attacked him posed any known or anticipated threat to him before the assault. Plaintiff did not allege that there was a history known to defendants of prior incidents between plaintiff and the other inmate. Further, plaintiff did not allege that he had submitted any written grievance forms concerning the other inmate or that he orally complained to anyone prior to the assault.

Based on the above, plaintiff's claim that prison officials violated his constitutional rights by failing to protect him from harm must be dismissed.

### 4. *Calcasieu Parish Police Jury Administrator Bryan Bean*

Plaintiff's claims against the Calcasieu Parish Police Jury Administrator are not cognizable.

More specifically, a "police jury" is a unit of local Louisiana government akin to a county board of supervisors. See La. Rev. Stat. Ann. § 33:1236 (West 1951 & Supp.1985). Despite its name, the police jury does not directly furnish any of the services conventionally associated with the "police." Most of these services are traceable in Louisiana to the sheriff. *Id*. § 33:5539.

Under Louisiana law the police jury has no responsibility over the daily operation of the jail. However, state law does require the police jury to provide "a good and sufficient jail," La. Rev. Stat. Ann. § 33:4715, to be "responsible for the physical maintenance of all parish jails and prisons," *Id.* § 15:702, and to pay all expenses incurred in "the arrest, confinement, and prosecution of persons accused or convicted of crimes." *Id*. § 15:304. See *Amiss v. Dumas*, 411 So.2d 1137, 1140–42 (La. Ct. App. 1982) (discussing statutory allocation of prison responsibility).

Clearly the police jury has a duty to fund and maintain the jail. Where a municipal body is vested with this sort of fiscal obligation to a jail, its liability for insufficient funding or

maintenance will depend on its knowledge of conditions at the jail. Thus, in *Howard v. Fortenberry*, 723 F.2d 1206, *vacated in part on other grounds*, 728 F.2d 712 (5th Cir.1984), the court held that a police jury could not be held liable under § 1983 for the deaths of two inmates who were placed in a "hot box" in very hot weather. *Id*. at 1210-11. In *Howard*, the plaintiffs had produced no evidence that the police jury knew how the box was being used either in general or in that particular instance, nor had the plaintiffs shown that the police jury had a policy permitting such use. *Id*. at 1210. The duty to maintain did not confer on the police jury a duty to inspect the jail. *Id*. at 1211.

In the present case, plaintiff's injuries resulted from the willful act of another inmate. Plaintiff does not contend that the jail was physically inadequate or that the police jury knew of any inadequacies, or that the jail was underfunded. Simply put, plaintiff has not established that the police jury or its administrator violated any duty it owed to him and his complaint does not state a cause of action against the police jury nor its administrator.

### *Conclusion*

For the reasons set forth above,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DENIED AND DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief can be granted in accordance with 28 U.S.C.1915A(b)(1).

**IT IS ALSO RECOMMENDED** that plaintiff's request for appointment of counsel contained in his complaint be denied.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may

respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 30th day of January, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE